IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA W. BARRICK, : | |
|     Plaintiff : | |
| : | No. 1:14-cv-02209 |
| v. : | |
| : | (Judge Kane) |
| PENN TOWNSHIP, et al., : | |
|     Defendants : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    On October 21, 2014, while incarcerated in Perry County Prison, Plaintiff Joshua Barrick filed a civil action pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of Perry County, Pennsylvania. (Doc. No. 1-2.) Defendants removed the above-captioned case on November 18, 2014 (Doc. No. 1), and Plaintiff filed an amended complaint on December 23, 2014 (Doc. No. 12). In his amended complaint, Plaintiff brings numerous claims against Officer Christopher Zampogna for allegedly entering Plaintiff's home, breaking his basement door, and harassing him for not informing for Zampogna. (Doc. No. 12 at 3, 6, 15, 17.) Plaintiff also asserts, inter alia, negligence and conspiracy claims against Penn Township, Chief of Police Richard Pickles, and Officer Tricia Moench. (Id. at 17-23.)

    On March 13, 2015, Defendants Zampogna, Pickles, Moench, and Penn Township filed a Rule 12(b)(6) motion to dismiss the amended complaint for failure to state a claim. (Doc. No. 20.) On March 1, 2016, Magistrate Judge Schwab issued a Report and Recommendation, recommending that this Court dismiss Plaintiff's (1) harassment, intimidation, and negligence claims against Defendant Zampogna; (2) conspiracy and negligence claims against Defendant Moench; (3) negligence and negligent hiring claims against Defendant Pickles; and (4) all claims against Defendant Penn Township. (Doc. No. 60 at 40-41.) Magistrate Judge Schwab also

1

recommended that numerous claims against Defendants Zampogna, Moench, and Pickles should proceed. (Id.) These remaining claims include: (1) unlawful search, conspiracy, retaliation, abuse of process, invasion of privacy, and trespass claims against Defendant Zampogna; (2) unlawful search, abuse of process, invasion of privacy, and trespass claims against Defendant Moench; and (3) conspiracy and failure to supervise claims against Defendant Pickles. (Id.)

On March 15, 2016, Defendants Penn Township, Pickles, and Zampogna filed objections to the Report and Recommendation. (Doc. No. 67.) First, Defendants argue that Heck v. Humphrey bars Plaintiff's retaliation and abuse of process claims because Plaintiff did not receive a "favorable termination of his criminal cases." (Id. ¶¶ 2-3; Doc. No. 68 at 7-9.) Second, as to the retaliation claim, Defendants contend that there is no First Amendment right to refuse to be an informant.[1] (Doc. No. 68 at 9.) Third, as to the abuse of process claim, Defendants argue that pressuring Plaintiff to facilitate controlled buys of illicit drugs does not constitute an improper purpose. (Id. at 9-10.) Finally, Defendants assert that they are entitled to qualified immunity because Defendants did not violate any clearly established law. (Id. at 10-11.)

As to Defendants' Heck objections, Defendants contend that Plaintiff cannot challenge his criminal convictions in his retaliation and abuse of process claims. (Doc. No. 68 at 7.) According to the favorable termination rule announced in Heck v. Humphrey, "a litigant cannot proceed under § 1983 if success on his claim would necessarily imply the invalidity of the fact or

---

[1] In Defendants' brief in support of the pending Rule 12(b)(6) motion, Defendants argued that "Plaintiff does not demonstrate retaliation" because "Plaintiff fails to show that any Defendant acted out of a desire to punish him for exercising his rights." (Doc. No. 22 at 25.) Defendants did not challenge whether there is a First Amendment right to refuse to be an informant. (See id.) "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (collecting cases). As such, the Court declines to address whether the "refusal to cooperate with the police is a protected activity for the purposes of First Amendment retaliation claim." Collins v. Borough of Trainer, No. 13-7613, 2014 WL 2978312, at *4 (E.D. Pa. July 1, 2014).

duration of his conviction or sentence." See Cook v. City of Philadelphia, 179 F. App'x 855, 857 (3d Cir. 2006) (internal citation omitted) (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).  An abuse of process claim does not necessarily undermine a prior conviction.  Heck, 512 U.S. at 486 n.5.  "Cognizable injury for abuse of process is limited to the harm caused by the misuse of process, and does not include harm (such as conviction and confinement) resulting from that process's being carried through to its lawful conclusion."  Id.

The Court does agree that Heck precludes Plaintiff's retaliation claim to the extent that Plaintiff challenges the December 2013 charge for theft as an act of retaliation.  (Doc. No. 12 ¶ 77; see Doc. No. 68-2); see Ashton v. City of Uniontown, 459 F. App'x 185, 188 (3d Cir. 2012).  In the amended complaint, Plaintiff alleges that charges of theft were filed "just days after" Plaintiff refused to facilitate drug buys and Defendant Zampogna threatened to "file the theft of narcotic charges."  (Doc. No. 12 ¶ 77.)  On January 15, 2015, Plaintiff pleaded guilty to one count of theft in violation of 18 Pa. Cons. Stat. § 3921(a) before the Court of Common Pleas of Perry County, Pennsylvania.[2]  (Doc. No. 68-11.)  Permitting Plaintiff to "proceed with his First Amendment retaliation claim would impugn the validity of his underlying conviction" and require the Court to decide whether Plaintiff's conviction "was valid or was an act of retaliation." See Ashton, 459 F. App'x at 188-89.  Accordingly, Plaintiff may not proceed under § 1983 on his retaliation claim to the extent that Plaintiff challenges the charge for theft as an act of retaliation.  Heck, 512 U.S. at 486-87.

As to Defendants' remaining objections (Doc. No. 68), the Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of Defendants' objections

---

[2] The Court takes judicial notice of the docket: Commonwealth of Pennsylvania v. Joshua W. Barrick, CP-50-CR-0000077-2014, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-50-CR-0000077-2014.

in the Report and Recommendation.  (Doc. Nos. 60.)  Accordingly, the Court will not write separately to address Defendants' objections.

**AND SO**, upon independent review of the record and applicable law, on this 25th day of August 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Schwab's Report and Recommendation (Doc. No. 60), is **ADOPTED IN PART**;

2. Defendants Penn Township, Pickles, and Zampogna's objections (Doc. No. 68), are **SUSTAINTED** only to the extent that Heck v. Humphrey bars Plaintiff's retaliation claim;

3. Defendants Zampogna, Pickles, Moench, and Penn Township's motion to dismiss (Doc. No. 20), is **GRANTED IN PART** and **DENIED** as follows:

    a. Plaintiff's claims of harassment and negligence against Defendant Zampogna are **DISMISSED WITH PREJUDICE**;

    b. Plaintiff's claim of intimidation against Defendant Zampogna is **DISMISSED WITHOUT PREJUDICE**;

    c. Plaintiff's claims of negligence against Defendant Moench are **DISMISSED WITH PREJUDICE**;

    d. Plaintiff's conspiracy claim against Defendant Moench is **DISMISSED WITHOUT PREJUDICE**;

    e. Plaintiff's negligence and negligent hiring claims against Defendant Pickles are **DISMISSED WITH PREJUDICE**;

    f. Plaintiff's claims against Defendant Penn Township are **DISMISSED WITHOUT PREJUDICE**;

    g. In all other respects, the motion is **DENIED**;

4. Plaintiff is **GRANTED** leave to amend his amended complaint; and

5. The above-captioned action is referred back to Magistrate Judge Schwab for further pre-trial management.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
